UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-230-C**

**LESLIE E. HOLMES,** **PLAINTIFF,**

**V.** <u>**MEMORANDUM OPINION AND ORDER**</u>

**FIELDSTONE MORTGAGE COMPANY,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for summary judgment. The plaintiff, Leslie Holmes, alleges that her former employer discriminated against her in violation of the Kentucky Civil Rights Act ("KCRA"), K.R.S. Ch. 344. The defendant, Fieldstone Mortgage Company ("Fieldstone") argues that it is entitled to summary judgment because it is not an employer within the meaning of that act. In response, Ms. Holmes argues that she has not had the opportunity to conduct discovery to respond to the defendant's assertions, and that it would violate the spirit of the KCRA to dismiss her claim because Fieldstone may not meet the technical definition of employer under state law. The court, having reviewed the record and being duly advised, will deny the motion without prejudice to its later reassertion.

**Standard of Review:**

After time for adequate discovery, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex*, 477 U.S. at 323. The court may deny a motion for summary judgment as premature where the nonmoving party has not had sufficient opportunity to conduct discovery. *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)*; Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also* Fed. R. Civ. P. 56(f).

**Analysis:**

The KCRA provides a state law remedy for discrimination to supplement, not to supplant, those provided under federal law. *Union Underwear Co. v. Barnhart*, 50 S.W.3d 188, 192 (Ky. 2001). The KCRA prohibits employers from engaging in acts of discrimination, and defines "employer" as "a person who has eight (8) or more employees *within the state* in each of twenty (20) or more calendar weeks in the current or preceding calendar year . . . ." K.R.S. § 344.030(2) (emphasis added). Under certain circumstances, the number of employees in affiliated organizations may be aggregated to meet this minimum number. *Palmer v. Int'l Ass'n of Machinists & Aerospace Workers*, 882 S.W.2d 117, 119 (Ky. 1994). However, that a company conducts business in the Commonwealth does not necessarily subject it to the provisions of the KCRA. *Union Underwear*, 50 S.W.3d at 190-93.

Ms. Holmes argues that all employees who worked on, or provided support

2

for, any of Fieldstone's operations in Kentucky – including underwriters, system support, human resources, and payroll – were "within the state" for purposes of the KCRA even though these employees were physically located in other states. To hold otherwise, she continues, would enable an employer to avoid the statute by locating the bulk of its workforce outside of the state. Absent authority to the contrary, the court does not credit this argument. First, the wide-reaching federal anti-discrimination statutes make it unlikely that an employer would move its workforce outside of a state to avoid liability under that state's civil rights laws. Second, the Kentucky Supreme Court has endorsed the view that "within the state" means physically within the state. *See Union Underwear*, 50 S.W.2d at 191-93. That certain individuals located outside of Kentucky interacted with individuals inside of the state does not mean that those individuals were working "within the state" for the purposes of the KCRA.

Ms. Holmes also argues that she has not had the opportunity to verify Fieldstone's allegations that it does not have enough employees to be considered an "employer" within the meaning of the KCRA.[1] Accordingly, she wishes to take additional discovery to determine whether there are any other entities associated with Fieldstone that have employees working in Kentucky; whether workers in

---

[1] Fieldstone avers, and Ms. Holmes agrees, that it had eight employees within Kentucky for only seventeen weeks in 2003. Fieldstone also avers that there was not a single week in 2004 where it had eight or more employees; that no related companies have employees within Kentucky; and that its brokers are independent contractors and not employees for purposes of the KCRA. (Ballentine Aff. ¶ 4, at DE 21; Ballentine Aff. ¶ 4, at DE 24).

Fieldstone's human resources department operate within the Commonwealth; and to review the nature of the relationship between Fieldstone and its brokers.

Despite Fieldstone's affidavits and its arguments to the contrary, the plaintiff has not had sufficient opportunity to conduct discovery to determine whether a sufficient number of employees work in Kentucky such that Fieldstone is an employer under the KCRA. *See Walsh v. Irvin Stern's Costumes*, 2006 U.S. Dist. LEXIS 2120 (E.D. Pa. 2006). Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 21) is **DENIED WITHOUT PREJUDICE** to its later reassertion.

**IT IS FURTHER ORDERED** that the plaintiff shall have 60 days from the date of entry of this order to conduct discovery on this issue.

**IT IS FURTHER ORDERED** that not later than 90 days after the date of entry of this order the defendant *may* renew its motion; the plaintiff *may* move to dismiss this action; or, failing either motion, the parties *shall* file a joint written status report outlining proposed deadlines for resolution of this case and advising the court whether they desire a telephonic scheduling conference.

Signed on  May 25, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

4